**REMAND/JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 14-362-GW(JEMx) | | Date | March 13, 2014 |
|---|---|---|---|---|
| Title | *GB Inland Properties, LLC v. Sergio Armando Duran, et al.* | | | |

| Present: The Honorable | GEORGE H. WU, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Javier Gonzalez | None Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |
| None Present | None Present | |

**PROCEEDINGS (IN CHAMBERS):   ORDER REMANDING ACTION TO STATE COURT**

On August 20, 2013 GB Inland Properties II, LLC ("Plaintiff"), allegedly became the owner of real property located at 1100 S Buena Vista Ave (Back Unit), Corona, CA, 92882 (the "Subject Property") at a trustee's sale following foreclosure proceedings.  Compl. ¶¶ 5-7.  Defendants Sergio Armando Duran ("Duran") and Yolanda G. Chavez ("Chavez") ("Defendants") purportedly occupied the Subject Property and were served with a "Three Day Notice to Quit" on August 28, 2013.  Defendants remained in possession of the Subject Property for more than three days after service thereof. *Id.* ¶¶ 8-9.  On September 4, 2013, Plaintiff instituted unlawful detainer proceedings in state court.  *Id.* at 1.  Defendants, proceeding *pro se*, improperly removed the action to this Court on December 31, 2013 in the case captioned CV 13-2394-GW(JEMx), erroneously asserting that federal question and/or diversity jurisdiction existed.  This Court remanded the Action to state court on February 13, 2014.  *See generally* Docket No. 13, CV 13-2394-GW(JEMx).  The Court noted that the Complaint contained only a single Cause of Action for unlawful detainer, a state law claim, holding that neither federal subject matter jurisdiction nor diversity jurisdiction existed.  *Id.* at 2-3.

On February 26, 2014, Defendant Chavez again removed the case to federal court.[1] *See generally* Docket No. 1., CV 14-362-GW(JEMx).  Chavez argues that federal question jurisdiction exists because the parties are diverse, the amount in controversy exceeds $75,000, and because "Defendant [sic] alleges violations of California Penal Code, FDCPA and RESPA, all of which constitute federal questions." *Id.* at 4.  Chavez also alleges that the case is removable because "the Lending institution in question is subject to the National Banking Act" and "Defendant [sic] alleges violation of [d]ue process of law" and "Defendants

---

[1]Defendant Duran does not appear to have joined in the removal.  Generally, in an action with multiple named defendants, one defendant can remove the case to federal court only when *all other named defendants* join in the notice of removal.  *See Hewitt v. City of Stanton*, 798 F.2d 1230, 1233 (9th Cir. 1986).

:

| Initials of Preparer | JG |
|---|---|

**REMAND/JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 14-362-GW(JEMx) | | Date | March 13, 2014 |
|---|---|---|---|---|
| Title | *GB Inland Properties, LLC v. Sergio Armando Duran, et al.* | | | |

[sic] have made fatal errors in the foreclosure process." *Id.*

As this Court previously explained, federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. *See, e.g.*, *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). It is this Court's duty to always examine its own subject matter jurisdiction, s*ee Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006), and the Court may remand a case summarily if there is an obvious jurisdictional issue. *Cf. Scholastic Entm't, Inc. v. Fox Entm't Grp., Inc.*, 336 F.3d 982, 985 (9th Cir. 2003) ("While a party is entitled to notice and an opportunity to respond when a court contemplates dismissing a claim on the merits, it is not so when the dismissal is for lack of subject matter jurisdiction.") (omitting internal citations). A defendant attempting to remove an action from state to federal court bears the burden of proving that jurisdiction exists. *See Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir.1986). Further, a "strong presumption" against removal jurisdiction exists. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992).

Federal subject matter jurisdiction exists over civil actions "arising under" federal law. 28 U.S.C. § 1331. A claim arises under federal law "when a federal question is presented on the face of plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

Here, Plaintiff's complaint contains a single cause of action for unlawful detainer, a state law claim. Compl. at 1. Importantly, "a counterclaim – which appears as part of defendant's answer, not as part of the plaintiff's complaint – cannot serve as the basis for 'arising under' jurisdiction." *Holmes Group, Inc., v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, at 831 (2002) (citations omitted). Thus, Defendant Chavez's reliance on her alleged counterclaims identified in the Notice of Removal cannot serve as the basis for federal question jurisdiction. This is a simple state law unlawful detainer case, and there is no federal question presented on the face of Plaintiff's complaint.

Nor has Chavez established that diversity jurisdiction exists. "After removal, plaintiff may challenge the allegations of the removal notice. *The burden is on defendant* to prove the existence of jurisdictional facts (complete diversity, etc.)." Schwarzer, Tashima, *et al.*, Cal. Practice Guide: Fed. Civ. Proc. Before Trial (2011) ("Schwarzer & Tashima") § 2:2367, at 2D-29 (emphasis added). In this case, Chavez admits that she is a California citizen but provides no evidence whatsoever as to Plaintiff's citizenship. To show that removal was proper, Chavez had to support her jurisdictional allegations with competent proof. *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996); *Nishimoto v. Federman–Bachrach & Assocs.*, 903 F.2d 709, 712 n. 3 (9th Cir. 1990). In addition, Chavez fails to establish that the amount in controversy exceeds $75,000. "The appropriate dollar amount in determining the amount of controversy in unlawful detainer actions is the rental value of the property, not the value of the property as a whole." *See, e.g., Federal Home Loan Mortg. Corp. v. Cantillano*, No. CV 12-1641-GAF, 2012 U.S. Dist. LEXIS 50329, at *5 (C.D. Cal. Apr. 9, 2012) (citation omitted); *Litton Loan Servicing, L.P. v. Villegas*, No. C 10-5478-PJH, 2011 U.S. Dist. LEXIS 8018, at *7 (N.D. Cal. Jan. 21, 2011) ("Since this unlawful detainer cause of action is concerned only with possession of the Property, damages are limited to those incident to the unlawful detention of said property.") (citing *Evans v. Superior Court*, 67 Cal. App. 3d 162, 170 (1977)). Plaintiff

: _____

Initials of Preparer    JG

**REMAND/JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 14-362-GW(JEMx) | Date | March 13, 2014 |
|---|---|---|---|
| Title | *GB Inland Properties, LLC v. Sergio Armando Duran, et al.* | | |

here seeks both possession and daily rental value damages from September 4, 2013 through the date of entry of judgment at the rate of $51.97 per day – far less than the requisite $75,000 minimum. *See* Compl. at Prayer.

Moreover, even assuming the existence of complete diversity, "removal is allowed only if 'none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 29 U.S.C. § 1441(b). "[O]nce any 'local' defendant has been served, the action cannot be removed on diversity grounds by that defendant or any other defendant." Schwarzer & Tashima § 2:2321, at 2D-21-22. Again, Chavez admits that she is a California citizen, and Plaintiff timely filed a motion to remand on March 7, 2014 in which it argues that the case is not removable pursuant to 28 U.S.C. § 1441(b). *See generally* Docket No. 5.

Absent new and different grounds for removal based on newly discovered facts or law, a defendant who improperly removes a case after a federal court previously remanded it risks being sanctioned under Fed. R. Civ. P. 11. *See Benson v. SI Handling Sys., Inc.*, 188 F.3d 780, 783 (7th Cir. 1999) ("Multiple removals could encounter problems – could even lead to sanctions – if nothing of significance chances between the first and second tries."). In this case, there are no newly discovered facts or law: again, the Complaint presents but a single Cause of Action for unlawful detainer. Defendant Chavez must litigate this dispute in state court, and she is cautioned that another frivolous attempt to remove the case to this Court will likely result in sanctions.

The Court thus REMANDS the action to state court forthwith, orders the Court Clerk promptly to serve this order on all parties who have appeared in this action.

:

Initials of Preparer   JG